UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In Re:                                      Chapter 11

CLINICAL PET OF OCALA, LLC,                 Case No. 3:16-bk-4646-JAF

    Debtor.

---

## 1ST MANATEE BANK'S MOTION TO CONVERT TO CHAPTER 7

1st MANATEE BANK ("1st Manatee"), a secured creditor and party in interest, by its undersigned counsel, pursuant to Section 1112(b) of the Bankruptcy Code, hereby moves to convert this case to a case under chapter 7, and states:

1.    On December 22, 2016, the Debtor filed a voluntary chapter 11 petition with this Court. This is the second chapter 11 filing by the Debtor. The Debtor filed its first chapter 11 case (3:08-bk-02214-JAF) on April 22, 2008, and it was closed on June 8, 2010.

2.    The Debtor operates a radiology/MRI practice in Ocala and The Villages. The Debtor owns the equipment and receivables, but does not own the real estate locations. The primary location in The Villages is owned by Dr. and Mrs. Arora, principals of the Debtor.[1]

3.    1st Manatee is a secured creditor of the Debtor with a lien on virtually all of the Debtor's assets and certain non-debtor real estate. 1st Manatee has filed a secured proof of claim in the amount of $4,623,078.18 (Claim no. 6).

---

[1] The location in The Villages is the subject of a foreclosure judgment with a scheduled foreclosure sale on August 15, 2017. At a recent hearing, it was suggested that Dr. Arora would personally file bankruptcy to stop the scheduled foreclosure sale. In any event, the Debtor has paid no rent on the location in The Villages during this bankruptcy case, and has not paid rent on one of its Ocala locations since April 2017.

4.     Section 1112(b)(1) of the Bankruptcy Code provides that "on request of a party in interest, after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7...for cause..."

5.     Section 1112(b)(4) contains a non-exhaustive list for the term "cause" including:

(a)     Substantial or continuing loss or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

(b)     Gross mismanagement of the estate;

(c)     Unauthorized use of cash collateral;

(d)     Failure to comply with an order of the court; and

(e)     Failure to confirm a plan within the time fixed by the Bankruptcy Code or order of the court.

Each of the above is present in this case.

**DIMINUTION OF ESTATE/UNAUTHORIZED USE OF CASH COLLATERAL**

6.     When this case was filed, the Debtor sought authority to use 1st Manatee's cash collateral (Doc. 4).  The budget attached to the motion projected revenue as follows:  December 2016 - $195,000; January 2017 - $215,000; February 2017 - $225,000; March 2017 - $250,000; April 2017 - $250,000; and May 2017 - $250,000.  The Debtor's actual revenue, as shown on its filed monthly operating reports[2], has been as follows:  January 2017 - $172,330; February 2017 - $161,147; March 2017 - $114,291; April 2017 - $83,899; May 2017 - $ 178,258; and June 2017 - $95,313.  It is undisputed that the Debtor has never met its projected revenues.

7.     According to the most recently filed monthly operating report for June 2017 (Doc. 166), the Debtor had revenues of $95,313 and disbursements of $109,691 for a monthly loss of

---

[2] The Debtor's monthly operating reports are confusing and incomplete.  For example, the ending cash balance is not always shown, and when it is, it never matches the "Funds at beginning of period" on the next monthly report. The credibility of the reports is highly questionable.

2

$14,377. During that month (as well as May and July), the Debtor did not pay monthly rent to a landlord in the amount of $5,401. If the report is to be believed, the Debtor's ending cash balance at June 30, 2017, was negative $6,990.10

8.    Pursuant to this Court's interim cash collateral order (Doc. 53), the Debtor was required to provide weekly cash collateral reports to 1st Manatee. The report for March 27, 2017, reflected total accounts receivable of $749,627 with accounts receivable in the 0-30 days shown as $346,045. The most recent report for August 7, 2017, reflects total A/R of $635,769 (decrease of $113,858) with A/R in the 30-60 days shown as $131,463 (decrease of $214,582). The amount and quality of the Debtor's A/R has diminished significantly in the past four months. Copies of these reports are attached hereto as **Exhibit A.**

9.    At some point during this case, the Debtor's TomoTherapy machine became inoperable and in need of repairs. According to the Debtor's Motion to Allow Debtor to Use Cash Collateral for Specific Purpose (Doc. 149), the TomoTherapy machine is "responsible for about 70% of Debtor's business income." Due to the Debtor's financial condition and violations of the insider compensation order shown below, the Debtor has been unable to repair this critical machine.

10.    According to the Debtor's Statement of Financial Affairs (Doc. 35), the Debtor transferred $10,000 to its alleged 90% owner, Atlantis Global Holdings ("Atlantis"), on December 19, 2016. Despite numerous promises, Atlantis has contributed no cash to the Debtor. The Debtor has taken no action to recover the funds from Atlantis that were transferred a mere three days before the bankruptcy filing.

3

## VIOLATION OF COURT ORDERS

11.    At the beginning of this case, the Debtor sought authority to pay insider compensation to Ganesh Arora ("Dr. Arora") and Shiwani Arora (Mrs. Arora"). After a contested hearing on January 18, 2017, the Court entered an Order Granting Interim Compensation of Debtor's Director and His Wife (Doc. 51) in which the Court authorized bi-weekly gross salaries as follows: Dr. Arora - $4,764.85 and Mrs. Arora - $2,187.87. Such order contains the standard provision that compensation is only authorized if all post-petition obligations "are being timely paid and funds remain available", and that unpaid salary "shall not accrue."

12.    Notwithstanding the clear terms of the Court's salary order and Debtor's failure to timely pay all other obligations, Dr. Arora has taken compensation *every single month* that this case has been pending. The Attachment 7 – Summary of Officer or Owner Compensation – to each monthly operating report reflects compensation to Dr. Arora as follows: December 2017 - $13,574.44; January 2017 - $14,945.14; February 2017 - $14,945.14; March 2017 - $13,142.91; April 2017 - $14,453.40; May 2017 - $ 10,721.61; and June 2017 - $14,483.13, for a total of $96,265.77. Due to the confusing and incomplete nature of the Debtor's monthly operating reports, it is impossible to reconcile the amounts on Attachment 7 with the check registers filed with the reports, and many amounts appear to be false. For example, on December 30, 2016, *before* the Court authorized any salary, the Debtor issued three checks payable to Dr. Arora: Check no. 1060 - $6,000; Check no. 1061 - $6,000; and Check no. 1062 - $2,500, for a total of $14,500[3]. In January 2017, the monthly operating report reflects payments to Dr. Arora totaling

---

[3] During the 30 days immediately preceding the bankruptcy filing, the Debtor issued checks to Mrs. Arora totaling $12,000. These were clearly preferential payments. Notwithstanding these checks, the Debtor issued check no. 1063 to Mrs. Arora in the amount of $3,000 on December 30, 2016. The Debtor has taken no action to recover these funds.

$16,154.77. Moreover, the amounts actually paid to Dr. Arora appear to exceed the amount authorized by the Court without considering whether all other post-petition obligations were timely paid.

13.    The amounts paid to Mrs. Arora similarly appear to exceed the amounts authorized – again without considering whether all other post-petition obligations were paid. For example, the February 2017 monthly operating report reflects payments to Mrs. Arora totaling $6,869.60, and the March 2017 monthly operating reports reflects payments to Mrs. Arora totaling $6,923.62.

14.    However, the bigger problem is the payment of insider compensation while not paying other post-petition obligations. And this problem has continued despite direct comments to Dr. Arora in open court. It is undisputed that the Debtor failed to timely pay the $15,000 monthly adequate payments owed in 1st Manatee in March and April 2017 (Doc. 79). The Debtor did not cure these payments until May 2017. Then, beginning in May 2017 and continuing through July 2017, the Debtor failed to make timely rent payments to landlord, J. Octavio Salazar (Doc. 156). It is further undisputed that the Debtor has been unable to repair its TomoTherapy machine – a critical piece of machinery. ***Accordingly, no insider compensation should have been paid from at least March 20, 2017.*** Despite demand, the Debtor has failed to take any action to recover the unauthorized payments.

## IMPROPER PAYMENT TO COUNSEL

15.    On May 15, 2017, Debtor's current counsel filed a Disclosure of Compensation of Attorney for Debtor indicating that he had received $5,000 from Atlantis Health System. However, the Debtor's May monthly operating report reflects that the Debtor paid the $5,000 to

Attorney Elrod (Doc. 163, p. 15).  Despite demand, the Debtor has failed to take any action to recover this unauthorized payment.

## FAILURE TO CONFIRM A PLAN

16.     After the expiration of the exclusive period, the Debtor finally filed a plan (Doc. 153).  On its face, such plan cannot be confirmed.  First, the Debtor proposes to unilaterally reduce the claim of the Internal Revenue Service ("IRS") to $200,000.  The IRS filed a proof of claim in the amount of $1,315,210.71.  Moreover, the Debtor's proposed treatment of the IRS claim does not comply with Section 1129(a)(9) and provides interest at 0%.  Second, the Debtor's treatment of 1st Manatee's claim is, on its face, not fair and equitable as it proposes a 25-year term at 4% interest.  Third, equity remains unimpaired while unsecured creditors are paid a mere $30,000 over five years.  There is no indication that the largest unsecured creditor – holding a claim for more than $1.3 million – will accept a total payout equivalent to 2% over five years.  Finally, the Debtor's plan violates the best interests test as the Debtor's avoidance actions in chapter 7 will result in recoveries totaling more than the $30,000 offered to unsecured creditors under the plan.

## GROSS MISMANAGEMENT

17.     The Debtor has been grossly mismanaged throughout this case.  The monthly operating reports are confusing and incomplete.  The Debtor's officers, Ali Karim and Dr. Arora, have permitted the Debtor to make numerous improper payments and have knowingly violated orders of this Court.  Ali Karim, the person who signed the petition and schedules and statements under penalty of perjury, has recently admitted that he has "zero involvement" in the financial matters of the Debtor.  It appears that the Debtor has no management at all.  This case calls for

the appointment of a chapter 7 trustee to investigate the Debtor's finances during this chapter 11 case.

Wherefore, 1st Manatee requests an order converting this case to chapter 7, and for such further relief as the Court deems appropriate.

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP

/s/ Michael C. Markham
Michael C. Markham (FBN 0768560)
Email: MikeM@jpfirm.com
P.O. Box 1100 (33601-1100)
401 E. Jackson St., Suite 3100
Tampa, FL 33602
Telephone: 813-225-2500
Facsimile: 813-223-7118
Attorneys for 1st Manatee Bank

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served upon all creditors (see attached Matrix) by U.S. Mail this 8th day of August, 2017 and on the CM/ECF participants (indicated on the attached Matrix with a "+" symbol) via Electronic Service Text Entry at the time of entry by the Court.

/s/ Michael C. Markham
Michael C. Markham

4164220

3/27/17

CLINICAL PET OF OCALA 1
Accounts Receivable Aging Report
Grand Totals For all Selected Entities

(c)  ADS
Page:  1

| /R Description | 0-30 | 31-60 | 61-90 | 91-120 | 121-150 | 151+ | Total | CollTotal |
|---|---|---|---|---|---|---|---|---|
| A  MOTOR VEHICLE ACCIDE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 313.00 | 313.00 | 10821.22 |
| S  BLUE SHIELD | 31475.19 | 41031.33 | 40045.48 | 7621.68 | 3284.43 | 98557.36 | 222015.47 | 182846.89 |
| 2  COMMERCIAL & 2NDARY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -270.82 | -270.82 | 5261.40 |
| M  COMMERCIAL | 224335.70 | 133231.31 | 60842.91 | 51337.27 | 21458.31 | 525348.86 | 1016554.36 | 210530.96 |
| 2  MEDICARE W/ 2NDARY | 72462.44 | 13017.32 | 10962.30 | 16461.38 | 8874.30 | 830500.75 | 952278.49 | 24067.36 |
| C  MEDICARE | 10232.39 | 28771.50 | 12106.59 | 3071.49 | 3808.75 | 322028.85 | 380019.57 | 68299.28 |
| D  MEDICAID | 2775.00 | 562.00 | 776.00 | 250.00 | 343.00 | 476.83 | 5182.83 | 28148.46 |
| G  MEDICARE W/ GAP | 0.00 | 31.87 | 0.00 | 0.00 | 0.00 | 21058.61 | 21090.48 | 775.37 |
| M  MEDICARE W/ MEDICAID | 3969.87 | 439.11 | 570.37 | 2262.20 | 1303.74 | 16479.39 | 25024.68 | 14195.99 |
| R  RAILROAD MEDICARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 975.58 | 975.58 | 366.08 |
| P  SELF PAY | 0.00 | 136.00 | 3005.00 | 450.00 | 0.00 | -5412.93 | -1821.93 | 87783.77 |
| C  WORKERS COMP | 795.00 | 0.00 | 0.00 | 500.00 | 0.00 | 1042.40 | 2337.40 | 137.64 |
| X  XXXXXXXX | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -2.00 | -2.00 | 0.00 |
| Totals | 346045.59 | 217220.44 | 128308.65 | 81954.02 | 39072.53 | 1811095.88 | 2623697.11 | 633234.42 |

A\R as of 3)27)17. $2,623,647.11 ÷ 3.5 = $749,627.75



EXHIBIT
tabbies
A

08/07/17                          CLINICAL PET OF OCALA 1                      (c)  ADS
                                  Accounts Receivable Aging Report             Page:  1
                                  Grand Totals For all Selected Entities

| A/R | Description | 0-30 | 31-60 | 61-90 | 91-120 | 121-150 | 151+ | Total | CollTotal |
|-----|-------------|------|-------|-------|--------|---------|------|-------|-----------|
| AA | MOTOR VEHICLE ACCIDE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 313.00 | 313.00 | 10821.22 |
| BS | BLUE SHIELD | 19726.52 | 1475.86 | 5833.21 | 8928.87 | 9061.72 | 120599.23 | 165625.41 | 183075.83 |
| C2 | COMMERCIAL & 2NDARY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -270.82 | -270.82 | 5261.40 |
| CM | COMMERCIAL | 71589.93 | 16263.28 | 19849.18 | 19787.82 | 25228.29 | 515359.21 | 668077.71 | 210418.50 |
| M2 | MEDICARE W/ 2NDARY | 27840.22 | 1564.71 | 5701.85 | 896.41 | 7661.63 | 619983.44 | 663648.26 | 24067.36 |
| MC | MEDICARE | 6101.31 | 2086.69 | 9050.78 | 2422.46 | 503.96 | 330398.33 | 350563.53 | 67645.85 |
| MD | MEDICAID | 108.00 | 516.00 | 0.00 | 0.00 | 2027.00 | 2327.83 | 4978.83 | 28028.17 |
| MG | MEDICARE W/ GAP | 21.54 | 39.83 | 0.00 | 0.00 | 0.00 | 21058.61 | 21119.98 | 775.37 |
| MM | MEDICARE W/ MEDICAID | 5988.00 | 0.00 | 56.47 | 233.17 | 1754.66 | 21056.96 | 29089.26 | 14425.16 |
| RR | RAILROAD MEDICARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 975.58 | 975.58 | 366.08 |
| SP | SELF PAY | 88.00 | 0.00 | 300.00 | 268.00 | 0.00 | -3862.26 | -3206.26 | 87662.37 |
| WC | WORKERS COMP | 0.00 | 1550.00 | 0.00 | 1532.00 | 2271.00 | 1042.40 | 6395.40 | 137.64 |
| XX | XXXXXXXX | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -2.00 | -2.00 | 0.00 |
| Totals | | 131463.52 | 23496.37 | 40791.49 | 34068.73 | 48508.26 | 1628979.51 | 1907307.88 | 632684.95 |

A\R as of 8\7\17 = $ 1,907,307.88 ÷ 3 = $635,769.29

Label Matrix for local noticing
113A-3
Case 3:16-bk-04646-JAF
Middle District of Florida
Jacksonville
Tue Aug  8 12:16:25 EDT 2017

1st Manatee Bank
ATTN:  Jim Kuhlman
900 53rd Avenue East
Bradenton, FL 34203-4802

Jason B. Burnett
GrayRobinson
50 N. Laura St., Ste. 1100
Jacksonville, FL 32202-3611

David J. Catalano
PO Box 951987
Lake Mary, FL 32795-1987

Clinical Pet of Ocala, LLC
3143 SW 32nd Avenue, Suite 100
Ocala, FL 34474-4404

Ruby Nagpal
c/o Dennis A. Fried, MD, JD
Blanchard, Merriam, Adel & Kirkland, P.A
4 SE Broadway
Ocala, FL 34471-2132

Radiation Medicine Physicians, PAs
c/o David J. Catalano, M.D.
PO Box 951987
Lake Mary, FL 32795-1987

Radiation Oncology Consulting, LLC
c/o David R. McFarlin, Esq
Fisher Rushmer, PA
PO Box 3753
Orlando, FL 32802-3753

Robert Altman, P.A.
5256 Silver Lake Drive
Palatka, FL 32177-8524

J. Octavio Salazar
c/o Law Office of Thomas W. Cartwright
1301 NE 14th Street
Ocala, FL 34470-4641

The Catalano Family Trust
c/o David J. Catalano, M.D., as Trustee
PO Box 951987
Lake Mary, FL 32795-1987

United States of America
US Dept. of Justice
PO Box 14198
Ben Franklin Station
Washington, DC 20044-4198

1st Manatee Bank
12215 US 301 North
Parrish, FL 34219-8410

1st Mortgage Bank
c/o Michael C. Markham, Esq.
Johnson Pope
PO Box 1100 (33601)
403 E Madison St.
Tampa, FL 33602-4611

A&A of Marion County, LLC
1716 Southwest 82nd Drive
Gainesville, FL 32607-3470

ADT Security Services, Inc.
P.O. Box 371967
Pittsburgh, PA 15250-7967

Accuray, Inc.
1310 Chesapeake terrace
PO Box 182202
Sunnyvale, CA 94089-1100

Advanced Data Systems Corp
15 Prospect St.
Paramus, NJ 07652-2712

Airgas South
P.O. Box 532609
Atlanta, GA 30353-2609

Arora, Ganesh & Shiwani
1716 SW 82nd Drive
Gainesville, FL 32607-3470

Arora, Ganesh D. and Shiwani
3143 SW 32nd Avenue
Ocala, FL 34474-4404

Atlantis Program Manager of Southeast, LLC
c/o Jason B. Burnett, Esq.
GrayRobinson, P.A.
50 North Laura Street, Suite 1100
Jacksonville, FL 32202-3611

Capital Office Products
210 Fentress Blvd.
Daytona Beach, FL 32114-1231

Cardinal Health
P.O. Box 70609
Chicago, IL 60673-0609

Catalono, David
P.O. Box 95-1987
Lake Mary, FL 32795-1987

DEX Imaging, Inc.
P.O. Box 17299
Clearwater, FL 33762-0299

DVI Financial Services, Inc.
2500 York Rd.
Jamison, PA 18929-1068

Dana Plaza Condo Assn.
Bosshardt Property Managemen
2102 SW 20th Place, Ste 402
Ocala, FL 34471-0859

David J. Catalano, M.D.
Brandon W. Banks, Esq.
Walsh Banks, PLLC
PO Box 2271
Orlando, FL 32802-2271

Ellison Rental Trust
Ellison Property Management
2233 BSE SE Ft. Kings St.
Ocala, FL 34471

Florida Dept. of Revenue
Bankruptcy Unit
P.O. Box 6668
Tallahassee, FL 32314-6668

G&S of Marion County, LLC
3233 Southwest 33rd Rd., Ste. 301
Ocala, FL 34474-8425

George Albright
Tax Collector, Marion County
P.O. Box 63
Ocala, FL 34478-0063

Hug Family Partnership, LLC
675 SE 47th Loop
Ocala, FL 34480-4773

IBA Molecular North America
ATTN: Accounts Receivable
P.O. Box 95000-2515
Philadelphia, PA 19195-0001

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

J. Octavio Salazar
c/o Thomas W. Cartwright
1301 NE 14th Street
Ocala, FL  34470-4641

K2 Capital Group
dba Super Dimension Capital
6500 City West Parkway
Suite 401
Eden Prairie, MN 55344-7732

KSR X-Ray Supplies, Inc.
P.O. Box 970668
Boca Raton, FL 33497-0668

Law Offices of Matthew Birk
309 NE 1st St
Gainesville, FL 32601-5310

Marion County Tax Collector
P.O. Box 970
Ocala FL 34478-0970

McKesson
P.O. Box 660266
Dallas, TX 75266-0266

Mimvista Corp.
Scranton Gillette Communicat
3030 W. Salt Creek Lane
Suite 201
Arlington Heights, IL 60005-5025

National Radiology Solutions
NRAD
310 Hiawassee Rd.
Townville, SC 29689-4122

Neurological & Cardivascular
Imaging Center, LLC
3143 SW 32nd Avenue
Suite 100
Ocala, FL 34474-4404

Oak Point Partners Inc
PO Box 1033
Northbrook, IL 60065-1033

PET Cardiovascular Imaging
Center, LLC
3143 SW 32nd Avenue
Suite 100
Ocala, FL 34474-4404

Pitney Bowes Global Financia
P.O. Box 371896
Pittsburgh, PA 15250-7896

Premier Medical Associates
2120 SW 55th St., Rd.
Ocala, FL 34471-0132

Radiation Med Physicians, PA
P.O. Box 95-1987
Lake Mary, FL 32795-1987

Radiation Oncology Consultin
328 Mapleview Court
Lake Mary, FL 32746-4026

Radiological Institute
of the Villages, LLC
11960 CR 101
The Villages, FL 32162

Receivable Management Servic
P.O. Box 361598
Columbus, OH 43236-1598

Robert W. Elrod, Jr.
233 East Bay Street, #1032
Jacksonville, FL 32202-3457

Roetzel
222 S. Main St.
Akron, OH 44308-1500

Rotiki, LLC
1580 Santa Barbara Blvd.
The Villages, FL 32159-6827

Ruby Nagpal
c/o Dennis A. Fried, MD, JD
Blanchard, Merriam, Adel & Kirkland, PA
4 SE Broadway
Ocala, FL 34471-2132

Sam's Club
P.O. Box 965004
Orlando, FL 32896-5004

Secretary of the Treasury
15th & Pennsylvania Ave., NW
Washington, DC 20220-0001

Sumter County Tax Collector
Randy Mask, Tax Collector
2201 E. McCollum Ave.
Bushnell, FL 33513

The Catalano Family Trust
c/o David J. Catalano, M.D., as Trustee
PO Box 951987
Lake Mary, Florida 32795-1987

U.S. Securities & Exchange Commission
Office of Reorganization
950 East Paces Ferry Road, N.E.
Suite 900
Atlanta, GA 30326-1382

USDA
Joseph M. Mueller, Director
2441 NE 3rd St., Suite 204-1
Ocala, FL 34470-8289

United States Attorney
300 North Hogan St Suite 700
Jacksonville, FL 32202-4204

United States Trustee
c/o Miriam Suarez
George C. Young Federal Bldg.
400 W. Washington St., Ste. 1100
Orlando, FL 32801-2210

Warner Sechrest and Butts PA
5200 SW 91st Terrace
Suite 101
Gainesville, FL 32608-0600

Wells Fargo Financial Leasin
800 Walnut St.
Des Moines, IA 50309-3891

Wells Fargo Vendor Financial Services, L
Attn: Lisa Boddicker
1010 Thomas Edison Blvd., SW
Cedar Rapids, IA 52404-8247

X-Ray Repair & Sales, Inc.
4321 SE 31ST PLACE
OCALA, FL 34480-7331

X-Ray Repair & Sales, Inc.
c/o Richard A. Perry
820 East Fort King Street
Ocala, FL 34471-2320

Richard A. Perry +
Richard A Perry, Attorney at Law
820 East Fort King Street
Ocala, FL 34471-2320

Jason B. Burnett +
GrayRobinson, P.A.
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202-3611

Robert W. Elrod Jr.+
233 East Bay Street Suite 1032
Jacksonville, FL 32202-3457

Michael C Markham +
Johnson Pope Bokor Ruppel & Burns LLP
Post Office Box 1100
Tampa, FL 33601-1100

Mary Apostolakos Hervey +
United States Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, DC 20044-4198

United States Trustee - JAX 11 +
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210

Miriam G Suarez +
Office of the United States Trustee
George C. Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210

Robert Altman +
AFD
5256 Silver Lake Dr
Palatka, FL 32177-8524

Thomas W Cartwright +
Law Office of Thomas W. Cartwright
1301 NE 14th Street
Ocala, FL 34470-4641

Brandon W Banks +
Walsh Banks, PLLC
Post Office Box 2271
Orlando, FL 32802-2271

Susan Sharpe-Kutz +
Blanchard, Merriam. Adel & Kirkland, P.A
4 SE Broadway Street
Ocala, FL 34471-2132

Note: Entries with a '+' at the end of the
name have an email address on file in CMECF

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Jerry A. Funk
Jacksonville

(u)X-Ray Repair & Sales, Inc.

(d)Robert Altman, P.A.
5256 Silver Lake Drive
Palatka, FL 32177-8524

(d)X-Ray Repair and Sales, Inc.
4321 SE 31st Place
Ocala, FL 34480-7331

End of Label Matrix
Mailable recipients    81
Bypassed recipients     4
Total                  85